Filed 9/19/24  P. v. Robinson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA DEVIN ROBINSON,<br><br>    Defendant and Appellant. | B334722<br><br>(Los Angeles County<br> Super. Ct. No. 3PV04709) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Joshua Devin Robinson appeals from the court's order revoking his parole following a contested parole revocation hearing. Appellate counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Defendant did not respond to our letter advising him of his right to file supplemental briefing. Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the order.

In June 2019, a jury convicted defendant of lewd act upon a child age 14 or 15 (Pen. Code, § 288, subd. (c)(1)). The trial court sentenced him to three years in state prison. Defendant was released on parole in September 2020, and then again in July 2023 after serving time on a parole violation (not related to this appeal). In August 2023, a parole revocation petition was filed alleging defendant violated a condition of his parole by "loiter[ing] within 300 feet of the perimeter of [a] place[] where children congregate or where activities for children are the primary function" without prior written approval. A trial court may revoke parole when it has reason to believe the person under supervision has "committed another offense or otherwise has violated the terms of supervision. [Citation.]" (*People v. Buell* (2017) 16 Cal.App.5th 682, 687.) The prosecution must prove the grounds for revocation by a preponderance of the evidence. (*Ibid.*) After a contested parole revocation hearing, the court found defendant in violation of his parole. The court revoked and reinstated parole upon defendant's completion of a 150-day jail term, with credit for 106 days.

We are satisfied that appellate counsel has fully complied with her responsibilities and that no arguable issue exist. (*Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

We concur:


COLLINS, Acting P. J.


MORI, J.